Michael Yesk (SB#130056)
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525
yesklaw@gmail.com
Attorney for Debtor
HOSSEIN RAD

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: Rad,<br><br>Debtor<br><br>HOSSEIN RAD,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MRF1, LLC; JA 2109 DUMBARTON, LLC; and DOES 1-10, INCLUSIVE,<br><br>    Defendants. | Bankruptcy Case No.: 15-30793 HLB (Ch. 7)<br><br>Adversary No.: 15-03063<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE ABSTENTION**<br><br>Date: November 5, 2015<br>Time: 2:00 p.m.<br>Courtroom: 23 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On September 24, 2015, this Court issued an Order to Show Cause re Abstention requiring Plaintiff HOSSEIN RAD ("Plaintiff") to file a memorandum of points and authorities addressing the following: (a) on what basis the Court has jurisdiction to hear this adversary proceeding, and (b) assuming the Court has jurisdiction, why the Court should not abstain, mandatorily or discretionarily pursuant to section 28 U.S.C. § 1334(c). Plaintiff herein submits his response to the Court's Order.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE ABSTENTION - 1

Case: 15-03063  Doc# 24  Filed: 10/30/15  Entered: 10/30/15 12:06:29  Page 1 of 4

**DISCUSSION**

The question of whether a Bankruptcy Court may hear matters related to the estate in bankruptcy was complicated by the U.S. Supreme Court's 2011 decision in *Stern v. Marshall*, 546 U.S. __, 131 S. Ct. 2594 (2011). In *Stern*, the Supreme Court held that certain claims among the non-exclusive list of "core proceedings" in the Bankruptcy Code, over which the Code confers jurisdiction upon Bankruptcy Courts, were nonetheless the proper purview of Article III courts. Thus, for this type of "core proceeding," the Supreme Court determined that Bankruptcy Courts lack the Constitutional authority to issue a final decision. Despite this decision, however, the claims at issue in Plaintiff's case constitute a core proceeding over which the Bankruptcy Court retains authority. Plaintiff contends that the Court should not abstain from exercising its jurisdiction over these claims because the real property at issue is the principal and most valuable asset of the bankruptcy estate.

A. ***Stern v. Marshall* Should Be Read Narrowly to Apply Only to the Types of Claims at Issue in that Case**

In *Stern*, the claims at issue were "counterclaims by the state against persons filing claims against the estate," which is classified as a core proceeding in 28 U.S.C. § 157(b)(2)(C). While the Supreme Court determined that such claims may only be determined by an Article III court, it has not spoken with respect to other claims classified as core proceedings in the Bankruptcy Code. The claims in Plaintiff's case call for "determinations of the validity, extent, or priority of liens" – *i.e.*, Defendant MRF1, LLC's ("MRF1") claim of interest in Plaintiff's former Deed of Trust, upon which it based its alleged authority to sell Plaintiff's property in foreclosure. Such claims are deemed "core proceedings" in 28 U.S.C. § 157(b)(2)(K). The *Stern* court itself professed that its decision "does not change all that much" about the division of labor between bankruptcy and district courts. Thus, its decision should be read narrowly to apply only to the types of claims at issue in that case. *Stern*, *supra*, 131 S. Ct. at 2620.

### B. *Stern v. Marshall* Does Not Apply Where the Parties Have Consented to the Bankruptcy Court's Jurisdiction

Furthermore, the *Stern* decision dealt exclusively with claims referred to the Bankruptcy Court by a district court, and not those for which the parties have consented to the Bankruptcy Court's jurisdiction, either expressly or impliedly by their conduct. In *Peretz v. United States*, the Supreme Court explained that "litigants may waive their personal right to have an Article III judge preside over a civil trial." *Peretz v. United States* (1991) 501 US 923, 936. Earlier this year, the Supreme Court affirmed this position in *Wellness International Network, Ltd. v. Sharif*, finding that litigants may elect to have their claims, even the type at issue in *Stern*, heard by non-Article III courts. *Wellness International Network, Ltd. v. Sharif* (U.S. Supreme Court 2015) (citing *Commodity Futures Trading Comm'n v. Schor* (1986) 478 U. S. 833, 855).

Plaintiff in the case before this Court has expressly consented to the Court's jurisdiction and entry of a final judgment in the matter. In filing its Opposition to Plaintiff's Complaint without objecting to the Court's jurisdiction, Defendant MRF1 impliedly accepted and consented to the Court's jurisdiction as well. Thus, the parties have waived their right to an Article III forum and consented to the Bankruptcy Court's jurisdiction over this matter. *Roell v. Withrow* (2003) 538 U. S. 580, 589-590.

### CONCLUSION

Therefore, because Plaintiff's claims require determinations of the validity, extent, or priority of liens, they constitute a "core proceeding" that may be heard and decided by this Court. It is appropriate for this Court to exercise such jurisdictional authority over this case because the real property at issue in the adversary proceeding is the only substantial asset in Plaintiff's bankruptcy estate, and a determination of rights and interests with respect to that Property is of central importance to the bankruptcy proceeding as any proofs of claim could not be resolved without first adjudicating the claims in Plaintiff's Complaint. The causes of action at issue are not the type addressed in *Stern*, and even *Stern* claims may be heard in Bankruptcy Court by the consent of the parties, whether express or implied.

For these reasons, Plaintiff respectfully requests that this Court exercise the jurisdiction conferred upon it by the Bankruptcy Code and consented to by the parties to the action.

DATED: October 29, 2015     /s/ Michael Yesk
Michael Yesk
Attorney for Plaintiff
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE ABSTENTION - 4